IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Betty Craig, ) | Civil Action No. 2:14-cv-254-DCN-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting ) | **OF MAGISTRATE JUDGE** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1).

The Plaintiff, Betty Craig, brought this action pursuant to Section 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. § 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") regarding her claim for supplemental security income benefits ("SSI") under Title XVI of the Social Security Act, as amended (the "Act").

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

The Plaintiff was 39 years old on the date she applied for supplemental security income and 41 years old on the date of the Administrative Law Judge's (ALJ) decision. (R. at 27-29.) She alleged disability beginning on July 15, 2006, due to degenerative disc disease, migraines, high blood pressure, asthma, high cholesterol, and chest pains. (R. at 155.) Plaintiff completed two years of college and has past relevant work as a lab technician. (R. at 155-56, 27.)

The Plaintiff filed an application for SSI on March 28, 2011. (R. at 18.) Her application was denied initially and on reconsideration. (R. at 18.) After a hearing by an ALJ on July 24, 2012, the ALJ issued an unfavorable decision on August 14, 2012. (R. at 18-28.) The Appeals Council denied Plaintiff's request for review, (R. at 1-3), making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

In making the determination that the Plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the ALJ:

> (1) The claimant has not engaged in substantial gainful activity since March 28, 2011, the application date (20 CFR 416.971 *et seq.*).
>
> (2) The claimant has the following severe impairments: degenerative disc disease; chronic obstructive pulmonary disease; and anxiety (20 CFR 416.920(c)).
>
> (3) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> (4) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except the claimant may occasionally climb, balance, stoop, kneel, crouch, or crawl. She must avoid concentrated exposure to hazards and is limited to routine, repetitive tasks in an environment with little change to the workplace or working conditions. In addition, the claimant may have no more than occasional interaction with the public, coworkers, and supervisors and must be allowed to shift position from sitting to standing every 30 minutes.
>
> (5) The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> (6) The claimant was born on August 5, 1971 and was 39 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).
>
> (7) The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> (8) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> (9) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

> (10)   The claimant has not been under a disability, as defined in the Social Security Act, since March 28, 2011, the date the application was filed (20 CFR 416.920(g)).

## APPLICABLE LAW

The Act provides that SSI disability benefits shall be available for aged, blind, or disabled persons who have income and resources below a specific amount. 42 U.S.C. § 1381 *et. seq.*; 20 C.F.R. § 416.110. "Disability" is defined in the Act as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in the Administration's official Listing of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has an impairment which prevents past relevant work; and (5) has an impairment which prevents him from doing substantial gainful employment. See 20 C.F.R. § 416.920. If an individual is found not disabled at any step, further inquiry is unnecessary. Id.; see also Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The plaintiff "bears the burden of production and proof during the first four steps of the inquiry." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). If the plaintiff "is able to carry this burden through the fourth step, the burden shifts to the Secretary in the fifth step to show that other work is available in the national economy which the claimant could perform." Id. at 1203.

The scope of judicial review by the federal courts in disability cases is "limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Richardson v. Perales, 402 U.S. 389 (1971). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it

3

is supported by substantial evidence. <u>Pyles v. Bowen</u>, 849 F.2d 846, 848 (4th Cir. 1988) (citing 42 U.S.C. § 405(g)*;* <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as:

> such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Substantial evidence consists of more than a mere scintilla of evidence but may be less than a preponderance.

<u>Smith v. Chater</u>, 99 F.3d 635, 637-38 (4th Cir. 1996) (internal quotation marks and citations omitted).

Thus, it is the duty of this Court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that his conclusion is rational. <u>Thomas v. Celebrezze</u>, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972).

## **DISCUSSION**

The Plaintiff contends that the ALJ erred in failing to find her disabled. More specifically, the Plaintiff alleges that the ALJ erred in failing to (a) "properly evaluate whether the Plaintiff's degenerative disc disease and stenosis meets and/or equals the criteria of Listing 1.04"; (b) "explain her findings regarding the Plaintiff's residual functional capacity"; and (c) "properly evaluate the Plaintiff's credibility." (Dkt. No. 22 at 18, 22, 26.)

### I.     Evaluation of Degenerative Disc Disease and Stenosis

Plaintiff asserts the case should be remanded "for a proper evaluation at step three of the sequential evaluation process" with instructions that the ALJ evaluate whether Plaintiff "meets Listing 1.04 applying the actual elements of that listing, and considering the evidence for and against" Plaintiff. (Dkt. No. 22 at 21.) Plaintiff complains that the ALJ "did not consider Section 1.04 of the Listing Impairments in the hearing decision." (Dkt. No. 22 at 19.)

Listing 1.04 of the Agency's listing of impairments relates to spinal disorders. In its entirety, Listing 1.04 states:

4

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. § 404 Subpt. P, App'x 1.

The undersigned has reviewed the ALJ's decision and finds no reference to Listing 1.04. The only listing mentioned in Part 3 of the ALJ's Findings of Fact and Conclusions of Law is Listing 12.06. (See R. at 20-21.) However, the ALJ did find that Plaintiff has the "severe impairment" of degenerative disc disease. (R. at 20.) Specifically pointing to Listing 1.04A, Plaintiff asserts the ALJ's failure to discuss this listing constitutes reversible error because Plaintiff's condition and medical records "contain factual support" that Listing 1.04A "could be met." (Dkt. No. 22 at 19.) Plaintiff asserts the record contains evidence of nerve root compression (R. at 208, 305-07), evidence of neuro-anatomic distribution of pain (R. at 205, 224-25, 227, 254, 299, 301-02), limitation of motion of the spine (R. at 224, 303), and motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss (R. at 210, 301, 303.) (See Dkt. No. 22 at 19-20.)

5

The Defendant acknowledges that the record contains evidence of nerve root compression and neuro-anatomic distribution of pain. (Dkt. No. 26 at 13.) She contends, however, that Plaintiff "cannot satisfy the other elements of the listing, including decreased range of motion, motor loss (atrophy with associated muscle weakness or muscle weakness) *accompanied* by sensory or reflex loss and positive straight leg raise tests in the sitting or supine position." (Id.)

Contrary to Defendant's assertion, there is at least some evidence of a decreased range of motion. (See, e.g., R. at 303.) Furthermore, having reviewed the evidence to which Plaintiff points, the undersigned concludes there is some evidence to support Plaintiff's claim of motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss.[1] Dr. Kamel's EMG report dated April 20, 2006 indicates "[b]ilaterally abnormal 'H' reflexes of uncertain clinical significance. (R. at 209-10.) Dr. Kamel's report of September 2, 2010 indicates that "[s]trength is good except for giveaway weakness in left upper extremity." (R. at 299.) Dr. Durrett's records of September 17, 2010, and October 15, 2010, indicate that Plaintiff had a "[d]ecreased pinprick on the left at C6-C7." (R. at 301.)

In the instant case, the ALJ could conclude that Plaintiff meets Listing 1.04A, and without a comparison of the listed criteria to Plaintiff's symptoms, "it is simply impossible to tell whether there was substantial evidence to support the determination." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986); see also Peck v. Colvin, Civ. A. No. 8:12-cv-02594-DCN, 2014 WL 994925, at *3-4 (D.S.C. Mar. 13, 2014) (remanding the case for further proceedings, stating, "[I]t is clear that the ALJ did not sufficiently explain his determination that Peck does not meet Listing 1.04(A). The court simply cannot find that the ALJ's step three determination is supported by substantial evidence without further discussion by the ALJ."); Alonzeau v. Astrue, Civ. A. No. 0:06-2926-MBS-BM, 2008 WL 313786, at *4 (D.S.C. Feb. 1, 2008) ("Without a

---

[1] Defendant asserts the record contains no evidence of "positive straight leg raise tests in the sitting and supine position." (Dkt. No. 26 at 13.) It is not clear to the undersigned such evidence is required, given that Plaintiff has, *inter alia*, degenerative disc disease of the cervical spine. (R. at 22.)

comparison of the listing criteria to Plaintiff's symptoms, the court is unable to determine whether there is substantial evidence that supports the ALJ's determination. As such, Plaintiff's claim is remanded for proper explanation of the ALJ's listing determination.").

Defendant attempts to distinguish Radford v. Colvin, 734 F.3d 288 (4th Cir. 2013), but the undersigned is not so persuaded. Therein, the Fourth Circuit stated, "Given the depth and ambivalence of the medical record, the ALJ's failure to adequately explain his reasoning precludes this Court and the district court from undertaking a 'meaningful review' of the finding that Radford did not satisfy Listing 1.04A." Radford, 734 F.3d at 296. In Radford, as in the case *sub judice*, there was evidence to support a conclusion that the Plaintiff met Listing 1.04A. See Radford v. Astrue, Civ. A. No. 5:11-cv-347-BO, 2012 WL 3594642, at *3 (E.D.N.C. Aug. 20, 2012), reversed on other grounds by Radford, 734 F.3d 288; Radford, 734 F.3d at 296; see also Cook, 783 F.2d at 1172-74 (matter to be remanded to the Commissioner for further consideration of claim where ALJ's explanation of findings related to the plaintiff's arthritis was "inadequate" in light of "ample evidence in the record to support a determination that [the plaintiff's] arthritis met or equaled one of the arthritic impairments listed in Appendix 1, Section 1.01"). On this record, the undersigned is unable to determine whether the Commissioner's determination is supported by substantial evidence.

## II.     Remaining Claims of Error

Because the Court finds the ALJ's failure to evaluate whether Plaintiff meets Listing 1.04 is a sufficient basis to remand the case to the Commissioner, the Court declines to specifically address Plaintiff's additional allegations of error by the ALJ.  However, upon remand, the Commissioner should take into consideration Plaintiff's remaining allegations of error, including Plaintiff's allegations that the ALJ failed to "explain her findings regarding the Plaintiff's residual functional capacity" and failed to "properly evaluate the Plaintiff's credibility." (Dkt. No. 22 at 22, 26.)

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the Commissioner's decision be reversed and remanded for administrative action consistent with this recommendation, pursuant to sentence four of 42 U.S.C. Section 405(g) for further proceedings as set forth above.

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

April 9, 2015
Charleston, South Carolina

8